**LITTLER MENDELSON**
A Professional Corporation
One Newark Center - Eighth Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
  Harold Ye

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QILE CHEN,<br><br>    Plaintiff,<br><br>vs.<br><br>HD DIMENSION, CORP., HAROLD YE,<br><br>    Defendants. | Civil Action No. 3:10-cv-00863 (FLW) (TJB)<br><br><br>*Electronically Filed* |

---

## BRIEF IN SUPPORT OF DEFENDANT HAROLD YE'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Of Counsel:                                          Return Date:  June 21, 2010
    **William P. McLane**

On the Brief:
    **William P. McLane**
    **Jacqueline K. Hall**

## **PRELIMINARY STATEMENT**

Defendant Harold Ye ("Ye"), a former officer of Defendant HD Dimension Corporation ("HD"), submits this brief pursuant to Fed. R. Civ. P. 12(b)(6) and in support of his motion to dismiss Plaintiff Qile Chen's ("plaintiff") Complaint against him with prejudice for failing to state a claim upon which relief can be granted.

Plaintiff's three-count Complaint[1] alleges that: HD breached plaintiff's Employment Agreement (Count 1); HD and Ye fraudulently induced plaintiff to enter into the Employment Agreement (Count 2); and HD breached the implied covenant of good faith and fair dealing (Count 3).   Plaintiff additionally seeks to pierce the corporate veil of HD and hold Ye individually liable for his alleged damages under Counts 1 and 3, presumably because Ye signed the Employment Agreement on HD's behalf.

The Complaint fails to state any viable claims against Ye because: 1) the Employment Agreement, by its terms, supersedes all prior agreements and understandings and consequently, bars plaintiff's claim that Ye fraudulently induced him to enter into it; 2) plaintiff acknowledged and agreed that he relied on no representations outside of the Agreement itself before entering into the Agreement with HD; 3) even if the Employment Agreement did not bar plaintiff's fraudulent inducement claim, it nonetheless warrants dismissal as against Ye because he fails to allege that Ye engaged in any fraudulent activity whatsoever; and 4) plaintiff fails to allege any facts which implicate the necessary elements of piercing HD's corporate veil and imposing individual liability on Ye simply because he signed the Agreement as an officer of HD.

Because, as detailed below, the Complaint fails to state any claims upon which plaintiff can proceed against Ye, Ye must be dismissed from the action.

---

[1] Plaintiff refers to his separate causes of action as "First Claim," "Second Claim," and "Third Claim."  For clarity, we refer to them as "Count 1," "Count 2," and "Count 3" herein.

## STATEMENT OF FACTS

On February 18, 2010, plaintiff filed a Complaint against HD and Ye.  In it, plaintiff alleges that he and "Defendant HD entered into an employment agreement," by which terms he "was specifically hired as a 'Business Analyst.'"  (Complaint, ¶¶ 10, 11).  Plaintiff further alleges that "Defendant HD agreed to pay [him] an annual gross salary of $45,000," and that "the Agreement also provided for Defendant HD to file an H1-B Visa petition, which would enable [him] to come to the United States for employment."  (Complaint, ¶¶ 12, 13).  He also alleges that "HD is a corporation duly organized and existing under the laws of the State of New Jersey," and, "[o]n information and belief, Defendant HD is a mere 'alter ego' of Defendant Ye." (Complaint, ¶ 2).

In Count 1, directed solely at HD, plaintiff alleges that HD breached the Employment Agreement by: "(a) failing to pay [him] the agreed upon salary at any point during the employment relationship; (b) obtaining an H1-B Visa for [him] as a 'Software Engineer,' rather than as a 'Business Analyst,' and (c) failing to obtain employment for [him] as a 'Business Analyst.'"  (Complaint, ¶ 25).

In Count 2, labeled "fraud in the inducement," plaintiff alleges that HD represented that: "(a) it would employ him as a Business Analyst for a period of five years from the effective date of the Agreement at the prevailing wage for such a position; (b) it would apply on his behalf for an H-1B Visa as a 'Business Analyst;' and (c) it promised that, if he obtained a visa, to place him with a U.S. Corporation within two to three months after receiving training."  (Complaint, ¶ 28). Plaintiff claims that HD and Ye knew these representations were false and intended for him to rely on them; that he reasonably relied on the representations and sustained damages as a result. (Complaint, ¶¶ 29-32).

In Count 3, also directed solely at HD, plaintiff alleges that "Defendant HD's actions constitute a breach of the implied contractual covenant of good faith" (but apparently not fair dealing). (Complaint, ¶ 34).

## LEGAL ARGUMENT

In reviewing a motion to dismiss a complaint under *Fed. R. Civ. P.* 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and quotations omitted).   To survive a motion to dismiss, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Indeed, stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 234 (citation and quotations omitted).

Although the legal standards for granting a motion to dismiss require this Court to "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom," *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), it "need not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Metz v. United Counties Bancorp*, 61 F. Supp. 2d 364, 369-70 (D.N.J. 1999).

Under this standard, the Complaint against Ye must be dismissed with prejudice as a matter of law.

### A.   Plaintiff's Fraudulent Inducement Claim Is Barred By The Express Terms Of The Employment Agreement

Plaintiff's fraud in the inducement claim – the only cause of action asserted directly against Ye – is barred by the express terms of the Employed Agreement, which states, under the heading "Entire Understanding":[2]

> This Agreement represents the entire understanding and agreement between the parties with respect to the subject matter hereof and supersedes all prior oral and written agreements and understandings relating to the employment of Employee, which render such prior agreements and understandings null and void and of no further force and effect. *The parties acknowledge and agree that neither of them has made any representation with respect to the subject matter of this Agreement or any representations inducing the execution and delivery hereof, except such representations as are specifically set forth herein, and each party acknowledges that he/she or it has relied on his/her or its own judgment in entering into this Agreement.*

(McLane Cert., Ex. A, ¶ 11) (emphasis added).

Plaintiff alleges that before he entered into the Employment Agreement, HD made "material representations" concerning his length of employment, wage rate, visa status, and placement at a U.S. company. (Complaint, ¶ 28). Each of these alleged representations relate to plaintiff's employment and, as such, fall within the subject matter of the Employment Agreement. When he signed the Employment Agreement, plaintiff clearly acknowledged that it superseded all prior agreements and understandings relating to his employment – including the "material representations" listed above – and rendered such agreements and understandings null and void. Moreover, in signing the Employment Agreement, plaintiff acknowledged and agreed that no representations, other than those contained in the Employment Agreement, were made to induce the execution of the Agreement.

---

[2] Plaintiff's Complaint alleges to attach the Employment Agreement to it. The Complaint served on Ye contained no such attachment. We attach it to the Certification of William P. McLane for the Court's convenience. Its inclusion here does not require the Court to convert Ye's motion to one for summary judgment since it is incorporated by reference into plaintiff's pleading. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85, n.2 (3d Cir. 1994).

In this regard, this Court's holding in *Blanos v. Penn Mutual Life Ins. Co.*, No. 09-5174, 2010 U.S. Dist. LEXIS 2326 at *16-17 (D.N.J. Jan. 12, 2010) applies. Therein, the Court dismissed plaintiff's fraud in the inducement claim with prejudice because the employment agreement he signed stated that it superseded prior oral negotiations and agreements; and plaintiff also acknowledged, by signing the agreement, that no prior representations induced his execution of the agreement. Here, as in *Blanos*, plaintiff's fraud in the inducement claim is conclusively barred by the express terms of the Employment Agreement and must be dismissed with prejudice.

In addition, plaintiff's fraud claim is misdirected, as his real complaint is not that he was fraudulently induced to enter into the Employment Agreement, but that the contract he signed was breached by HD, as Count 1 alleges. Specifically, plaintiff claims that he relied on the "material representation" that HD would employ him as a business analyst for a five-year period from the date of the agreement "at the prevailing wage for such a position," which plaintiff "believed" would be $53,000 per year. (Complaint, ¶¶ 15, 28). The Employment Agreement states that HD hired him "in the capacity of business analyst;" that plaintiff "agree[d] to work for HD as a full-time employee for five years, starting from the date that Employee signed this agreement unless Employee is terminated for any reason;" and that plaintiff would receive an annual gross salary of $45,000. (McLane Cert., Ex. A, ¶¶ 5(a); 6(a)).[3] These contract terms relate directly to the alleged "material representation" on which plaintiff claims he relied; therefore, to the extent HD failed to perform any of its obligations under the contract, plaintiff's claim lies in breach, not fraudulent inducement.

---

[3] The Employment Agreement contains two paragraphs labeled "6"; the language cited above is taken from both paragraphs.

Similarly, the other "material representations" plaintiff claims he relied upon are likewise covered by the Employment Agreement. For example, plaintiff claims that HD represented that it would apply on his behalf for an H-1B Visa as a "business analyst" and that if he received the visa, it would place him with a U.S. corporation within two to three months after receiving training. (Complaint, ¶ 28).[4] The Employment Agreement states that HD would apply for an H1-B Visa on plaintiff's behalf, employ him as a "business analyst" for five years, provide marketing assistance to him, and retain the right to present him for professional work. (McLane Cert., Ex. A, ¶¶ 1, 3, 6(a)).

These subtle difference between plaintiff's negotiations with HD – what plaintiff would refer to as "misrepresentations" – and the actual terms in the Agreement regarding conditions of plaintiff's relationship with HD hardly rise to fraudulent inducement.      If the terms of the Agreement did not reflect what plaintiff negotiated, he should not have executed the Agreement without insisting on the explicit inclusion of what he believed should be included. Instead, plaintiff executed the Employment Agreement, and, in so doing, accepted its terms and waived his right to rely on prior negotiations and representations. (McLane Cert., Ex. A, ¶ 11). As such, he cannot now claim that he was fraudulently induced to enter the contract merely because he is dissatisfied with its terms.

In sum, plaintiff confuses the normal, everyday "give and take" of contract negotiations with fraud. There is no allegation in the Complaint that plaintiff was somehow in a weakened bargaining position at the time of his negotiations over the Agreement, or any specific allegation that Ye "lied" to plaintiff. Rather, plaintiff alleges he did not receive the benefit of the bargain: for example, that he was not placed at a company within two months of executing the Agreement. That he may or may not have goes to the breach of the Agreement and not fraud in

---

[4] Plaintiff did, in fact, receive an H-1B Visa, which HD applied for on his behalf. (Complaint, ¶ 17).

inducing him to enter into it. The consequences flowing from the fact that the Employment Agreement did not contain what plaintiff wanted lays at plaintiff's feet, and does not constitute wrongdoing by Ye; and any failure to perform lies in breach, not fraud. Accordingly, plaintiff's fraud in the inducement claim against Ye must be dismissed.

**B.      Plaintiff's Fraud in the Inducement Claim Fails To Plead A Cause Of Action Against Ye**

As stated above, the Employment Agreement conclusively bars plaintiff's fraud in the inducement claim. Assuming, *arguendo*, it did not, Ye still must be dismissed from the action because plaintiff fails to plead fraud against Ye with the requisite particularity required by Federal Rule of Civil Procedure 9(b). In pleading fraud, "the plaintiff must allege who made the purported misrepresentations and what specific misrepresentations were made," *inter alia. J.H. Reid General Contractor v. Conmaco/Rector, L.P.*, No. 08-6034, 2010 U.S. Dist. LEXIS 6929 at *16-17 (D.N.J. Jan 27, 2010).

Here, plaintiff *does not attribute any allegedly fraudulent statement to Ye*. Plaintiff does not (and cannot) plead that Ye made any fraudulent misrepresentations to him at all concerning employment at HD. Indeed, Plaintiff alleges that he relied on statements he saw in an HD advertisement, but does not allege that Ye was in any way responsible for this advertisement. (Complaint, ¶¶ 7, 9). The Complaint is completely devoid of any allegations implicating Ye in the alleged "fraudulent inducement." Rather, plaintiff claims that he relied upon the statements of Sean Hu, an alleged HD representative in entering into the contract. In short, plaintiff alleges no facts which raise a right to relief against Ye. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that to survive a motion to dismiss, a plaintiff must provide grounds for his entitlement to relief, and not a mere formulaic recitation of the elements of a cause of action). Consequently, Count 2 must be dismissed against Ye.

**C.    The Complaint Fails to State A Claim For Piercing HD's Corporate Veil and Holding Ye Individually Liable**

Although plaintiff directs only the "fraud in the inducement" claim against Ye, he nevertheless appears to seek liability against Ye for breach of contract (Count 1) and breach of the implied covenant of good faith and fair dealing (Count 3) based on the bald and conclusory allegation that "[o]n information and belief, Defendant HD is the mere 'alter ego' of Defendant Ye, thus entitling Chen to pierce the corporate veil and hold Defendant Ye responsible for Defendant HD's actions." (Complaint, ¶ 2). The facts plaintiff alleges in the Complaint, even when taken as true, fail to form a basis to pierce HD's corporate veil and hold Ye liable for HD's actions. Therefore, to the extent plaintiff seeks to hold Ye liable on a veil-piercing theory, the Complaint against Ye must be dismissed as a matter of law.

Basic corporate law tenets dictate that a corporation is a separate entity from its shareholders and that a primary purpose of incorporation is to insulate shareholders from the liabilities of the corporate enterprise. *See, e.g.*, *State, Dep't of Envt'l Protection v. Ventron Corp.*, 94 N.J. 473, 500 (1983); *Lyon v. Barrett*, 89 N.J. 294, 300 (1982). Therefore, absent extraordinary circumstances, courts generally decline to pierce the corporate veil. *State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 678 (D.N.J. 2009). It follows that "the party seeking an exception to the fundamental principle that a corporation is a separate entity from its principal bears the burden of proving that the court should disregard the corporate entity." *Tung v. Briant Park Homes, Inc.*, 287 N.J. Super. 232, 240 (App. Div. 1996).

"In New Jersey, two elements must be shown to pierce the corporate veil: First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Pappas*

*Bus. Servs., LLC*, 646 F. Supp. 2d at 679 (citations and quotation omitted). Significantly, "liability generally is imposed only where the [individual] has abused the privilege of incorporation by using the corporate form to perpetrate a fraud or injustice, or otherwise to circumvent the law." *Id.* (internal citation and quotation omitted).

With respect to the first prong, the Third Circuit analyzes the following six factors to determine whether there is such unity of interest and ownership that separate corporate and individual personalities no longer exist:

> (1) gross undercapitalization, (2) 'failure to observe corporate formalities, non-payment of dividends, (3) the insolvency of the debtor corporation at the time, (4) siphoning of funds of the corporation by the dominant stockholder, (5) non-functioning of other officers or directors, absence of corporate records, and (6) the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders.'"

*Id.* (quoting *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988)). With respect to the second prong, a plaintiff must demonstrate that the defendant, via the corporate form, perpetrated a fraud, injustice, or the like. *Pappas Bus. Servs., LLC*, 646 F. Supp. 2d at 679.

Here, plaintiff's fishing expedition to lure Ye into liability where none can exist fails as a matter of law because plaintiff does not allege any of the *Craig* factors listed above. In this regard, this Court's well-reasoned decision in *Pappas* is instructive. Therein, this Court dismissed the veil-piercing claim because that complaint, like here, failed to allege any of the *Craig* factors. The Court specifically noted that "the Complaint does not allege undercapitalization, siphoning of funds, or a complete disregard for the corporate structure and record keeping. Neither [individual defendants] are alleged to have so dominated [the] corporate structure as to render the corporate structure a sham." *Id.* at 680.

In this case, as in *Pappas*, the Complaint is devoid of any allegation that HD was a sham corporate entity organized by Ye to evade personal liability. Plaintiff does not, and cannot,

9

allege that Ye failed to observe corporate formalities or that he siphoned funds from HD. Nor does plaintiff allege that HD was grossly undercapitalized, merely a façade for Ye's personal operations, devoid of corporate records and functioning corporate officers other than Ye, or insolvent at the time it allegedly entered into a contract with plaintiff. The reason he does not is obvious: HD was a legitimate corporation with numerous employees and multiple corporate officers, who all followed corporate formalities.[5] Consequently, Ye cannot be held liable under a corporate veil-piercing theory and must be dismissed from the action.

## CONCLUSION

For the reasons stated herein, Defendant Harold Ye respectfully requests that this Court grant his motion to dismiss plaintiff's Complaint against him in its entirety and with prejudice.

Dated: May 17, 2010

Respectfully submitted,

**LITTLER MENDELSON**
A Professional Corporation
Attorneys for Defendant
  Harold Ye

By: /s/ William P. McLane

Firmwide:95404510.1 059701.1005

---

[5] Indeed, plaintiff is aware of the existence of other corporate officers, as he attempted to serve HD by delivering the Complaint to Debasish Bhattacharjee, who he claims is HD's Vice President. (McLane Cert., Ex. B).